B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** <br> Buckley Broadcasting of Connecticut, LLC | **DEFENDANTS** <br> Sharad K. Saksena and Arti K. Saksena |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> Daniel Blume, Esq., BlumeLegal LLC <br> 1001 Farmington Ave., Suite 302 <br> (860)521-3777 | **ATTORNEYS** (If Known) <br> Bonnie C. Mangan, Esq. <br> Bonnie C. Mangan, P.C. |
| **PARTY** (Check One Box Only) <br> ☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin <br> ☒ Creditor  ☐ Other <br> ☐ Trustee | **PARTY** (Check One Box Only) <br> ☒ Debtor s   ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor  ☐ Other <br> ☐ Trustee |

FILED 2016 FEB 11 P 2:53 CLERK U.S. BANKRUPTCY COURT DISTRICT OF CONNECTICUT HARTFORD

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint for Dischargeability pursuant to 11 U.S.C. Sec.523(a)(4)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☒ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| **Other Relief Sought** | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Sharad K. Saksena and Arti K. Saksena | BANKRUPTCY CASE NO.<br>15-21985 amn | |
| DISTRICT IN WHICH CASE IS PENDING<br>Connecticut | DIVISION OFFICE<br>Hartford | NAME OF JUDGE<br>Hon.A.M. Nevins |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>February 10, 2016 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Daniel Blume, Esq. | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.



Daniel Blume, Esq. ct 10137
BLUMELEGAL LLC
1001 Farmington Ave. Suite 302
West Hartford, CT 06107
Telephone: (860)21.3777
Facsimile: (860)521.3778
db@blumelegal.net

Attorney for MOVANT/CREDITOR
BUCKLEY BROADCASTING OF CONNECTICUT, LLC

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| In re | ) | Chapter No. 7 |
| | ) | |
| SHARAD F. SAKSENA and | ) | Case No. 15-21985 |
| ARTI K. SAKSEN | ) | Adversary No.: |
| | ) | |
| Debtors | ) | COMPLAINT FOR NON- |
| | ) | DISCHARGEABILITY OF DEBT |
| | ) | |
| | ) | |
| BUCKLEY BROADCASTING OF | ) | |
| CONNECTICUT, LLC | ) | DATE: |
| | ) | TIME: |
| Plaintiff | ) | PLACE: |
| | ) | |
| Vs. | ) | |
| | ) | |
| SHARAD K. SAKSENA and | ) | |
| ARTI K. SAKSENA | ) | |
| | ) | |
| Debtors | ) | |

## GENERAL ALLEGATIONS

1. This court has jurisdiction of this matter pursuant to 11 U.S.C. §523 and 28 U.S.C. § 157(a), (b) (1), (b) (2) (I) and (b) (2) (e), and 28 U.S.C. §1334. This is a core proceeding.

2. Venue is proper in this district pursuant to 28 U.S.C. §1409, because the Debtors have been domiciled in this district for the majority of the 180-day period prior the filing of bankruptcy.

3. Plaintiff is a Delaware limited liability company that has its principal place of business in the Town of Stratford, County of Fairfield, and the State of Connecticut.

4. In 2004, Plaintiff was the owner and operator of Hartford, Connecticut Radio Stations WDRC and WDRC (FM).

5. In 2004, the Debtors were the operators of ABICUS PAYROLL SYSTEMS, a firm that handled payroll and tax matters.

6. Plaintiff and Debtors entered into a payroll and tax impounding arrangement under which the Plaintiff, for fees paid to Debtors, agreed to pay Debtors sufficient funds to cover Plaintiff's weekly payrolls and Plaintiff's federal and state employment taxes. Under this arrangement, the Debtors, acting as fiduciaries, held Plaintiff's funds in trust until payroll and employment tax payments were due. Thereafter, Debtors were to make the subject payments when due. In addition, Debtors failed to report to the Plaintiff concerning (1) all of Plaintiff's funds being held by them, and (2) the amounts and dates all of the payments were made by Debtors on behalf of Plaintiff.

7. Plaintiff paid to the Debtors appropriate funds that were to be forwarded by Debtors to both the federal and state governments for employment tax obligations of the Plaintiff.

8. In all respects, Plaintiff complied with and performed all of its obligations, including the payment of service fees, to Debtors pursuant to its arrangement with Debtors.

9. In 2005, Plaintiff was informed that, although the Plaintiff had paid all the necessary funds to the Debtors to pay the appropriate payroll taxes to the state and federal governments, the Debtors failed to do so, and the said governments assessed interest and penalties against the Plaintiff due to the non-payment of the said payroll taxes.

10. Plaintiff discovered that (a) Debtors had misappropriated, converted, and failed to pay to the payroll taxes owed by the Plaintiff, and (b) Debtors misappropriated and used the Plaintiff's funds that were being held in trust for their own personal uses.

11. Plaintiff instituted suit (Docket No. HHD-CV-5004052-S) ("Suit") against Debtors in the Superior Court, Judicial District of Hartford, at Hartford, for the losses incurred by Plaintiff due to the failure of the Debtors to use funds provided by Plaintiff to pay Plaintiff's employment taxes and the Debtors' misappropriation of those trust funds for their own personal uses.

12. On September 5, 2006, judgment entered in the amount of $127,124.10 plus costs of $368.00 in favor of Plaintiff against the Debtors in said Suit. (See Exhibit #1 attached hereto).

## FIRST CLAIM FOR RELIEF

## FOR NONDISCHAGEABILITY OF DEBT

## [11 U.S.C. §523 (a) (4)]

13. Plaintiff refers to and, by this reference, incorporates and alleges herein, each and all of the allegations set forth in Paragraphs 1 through 12 inclusive of this Complaint.

14. 11 U.S.C. §523 (a) (4) provides that a person who incurred a debt for money, property or services that were obtained by fraud or defalcation, embezzlement, of larceny is not dischargeable.

15. As indicated in Paragraph 6 of the Complaint, Debtors received Plaintiff's funds as trustees and were clearly acting in a fiduciary capacity.

16. Debtors' conduct represents a defalcation, defined as (a) the misappropriation of trust funds or money held in a fiduciary capacity, (b) the use of trust funds for any purpose other than the intended purposes, and (c) the failure to account for money placed in the hands of a fiduciary.

17. Based on all of the above, the debt owed to Plaintiff by Debtors should not be discharged.

### SECOND CLAIM FOR RELIEF – NONDISCHAGEABILITY 11 U.S.C. §523 (a) (4)

18. Plaintiff refers to and, by this reference, incorporates and alleges herein, each and all of the allegations set forth in Paragraphs 1 through 12 inclusive of this Complaint.

19. 11 U.S.C. §523 (a) (4) provides that a person who incurred a debt for money, property or services that were obtained by fraud or defalcation, embezzlement, of larceny is not dischargeable.

20. Plaintiff placed funds in the hands of Debtors under an arrangement by which Debtors were to make payments of Plaintiff's employment taxes and payroll distribution as they occur.

21. Debtors failed and neglected to use Plaintiff's funds for the agreed previously stated purposes. Rather, Debtors embezzled in excess of $125,000.00 of Plaintiff's funds for their own uses and purposes.

22.    Embezzlement is the fraudulent appropriation by a person to whom such property has been entrusted or into whose hands it has lawfully come.

23.    Based on all of the above, the debt owed to Plaintiff by Debtors should not be discharged.

### THIRD CLAIM FOR RELIEF

### FOR NONDISCHAGEABILITY OF DEBT - LARCENY

### [11 U.S.C. §523 (a) (4)]

24.    Plaintiff refers to and, by this reference, incorporates and alleges herein, each and all of the allegations set forth in Paragraphs 1 through 12 inclusive of this Complaint.

25.    11 U.S.C. §523 (a) (4) provides that a person who incurred a debt for money, property or services that were obtained by fraud or defalcation, embezzlement, of larceny is not dischargeable.

26.    Larceny is defined as the wrongful taking of the property of another with fraudulent intent - the intent to convert the property to one's own use without the consent of the owner of the property.

27.    Funds were provided by Plaintiff to Debtors for the payment of Plaintiff's employment taxes by Debtors. For over a year, Debtors failed to make the appointed employment tax payments. Instead, Debtors illegally converted funds paid to them by Plaintiff, and used those funds for their own uses and purposes.

28.    Based on all of the above, the debt owed to Plaintiff by Debtors should not be discharged.

**WHEREFORE,** Plaintiff requests judgment against Debtors as follows:

1. On its First Claim for Relief, for judgment against Debtors determining that the debt owed by Debtors to the Plaintiff is not dischargeable in their bankruptcy case for judgment in according to proof.

2. On its Second Claim for Relief, for judgment against Debtors determining that the debt owed by Debtors to the Plaintiff is not dischargeable in their bankruptcy case for judgment in according to proof.

3. On its Third Claim for Relief, for judgment against Debtors determining that determining that the debt owed by Debtors to the Plaintiff is not dischargeable in their bankruptcy case for judgment in according to proof.

4. For attorney's fees and costs of suit incurred herein.

5. For such other and further relief as the Court may deem just and proper.

Dated: February 10, 2016                BLUMELEGAL LLC

                                        By: _____
                                            Daniel Blume, Esq.
                                            Attorney for Plaintiff
                                            Buckley Broadcasting of Connecticut, LLC


# EXHIBIT #1

| | |
|---|---|
| DOCKET NO: HHD-CV-06-5004052-S : | SUPERIOR COURT |
| BUCKLEY BROADCASTING OF CONNECTICUT, LLC : | JUDICIAL DISTRICT OF HARTFORD |
| v. : | AT HARTFORD |
| ABACUS PAYROLL SYSTEMS, INC. SHARAD K. SAKSENA, AND ARTI K. SAKSENA : | AUGUST 7, 2006 |

## MOTION FOR JUDGMENT

Pursuant to Practice Book Section 17-25, the Plaintiff, Buckley Broadcasting of Connecticut, LLC, in the above captioned proceeding hereby moves that the Court enter the following orders:

(a)  Judgment for the Plaintiff in the amount of $127,124.10.

As grounds therefore, the Plaintiff states as follows:

1.  This action, by writ and complaint claiming damages, came to this Court on or before May 23, 2006.

2.  The writ and Complaint were duly served on the Defendants, Abacus Payroll Systems, Inc., Sharad K. Saksena, and Artie K. Saksena, as appears by the return of service endorsed thereon.

3.  On or about July 15, 2006, the Court entered an order granting the Plaintiff's Motion for Default against all defendants for their failure to appear.

**ORAL ARGUMENT NOT REQUESTED**
**TESTIMONY NOT REQUIRED**

Blume & Associates LLC
10 Ellsworth Road, Second Floor - West Hartford, Connecticut 06107
Tel: 860-231-8777 – Fax 860-231-8763 – Juris No. 004937

4.  Plaintiff's Affidavit of Debt is attached hereto as <u>Exhibit A</u> and details its damages in the amount of $127,124.10.

5.  A Statement pursuant to Practice Book Section 17-21 is attached to this motion as <u>Exhibit B</u>.

6.  The Bill of Costs in the amount of $368.00 is attached to this motion as <u>Exhibit C</u>.

WHEREFORE, the Plaintiff respectfully requests that the Court enter the following orders: Judgment for the Plaintiff in the amount of $127,492.10.

PLAINTIFF

By_____
Daniel Blume, Esq.
Its Attorney
Blume & Associates LLC
10 Ellsworth Road
West Hartford, CT 06107
(860) 231-8777
Juris No. 004937

| | | |
|---|---|---|
| DOCKET NO: HHD-CV-06-5004052-S : | | SUPERIOR COURT |
| BUCKLEY BROADCASTING OF CONNECTICUT, LLC | : | JUDICIAL DISTRICT OF HARTFORD |
| v. | : | AT HARTFORD |
| ABACUS PAYROLL SYSTEMS, INC. SHARAD K. SAKSENA, AND ARTI K. SAKSENA | : | AUGUST 7, 2006 |

### ORDER

The foregoing MOTION FOR JUDGMENT having been presented to this Court, it is hereby:

A.Federice/TAC  ~~GRANTED~~/DENIED with respect to the Plaintiff's prayer for judgment in the amount of $ 127,124.10 + costs of $368.00

BY THE COURT

Dated: 9/5/06

_____
Judge/~~Clerk~~

JDNO sent 9/11/06
A. Federice/TAC

Blume & Associates LLC
10 Ellsworth Road, Second Floor - West Hartford, Connecticut 06107
Tel: 860-231-8777 – Fax 860-231-8763 – Juris No. 004937